Fuller v. Lantz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:
         ROSEMARY S. POOLER,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
              *Circuit Judges.*

_____

Jancis Fuller,

         *Plaintiff-Appellant*,

         v.                                        12-3629-cv

Theresa Lantz, in her individual
and official capacity, Patricia
Ottolini, in her individual and
official capacity, Edward Pesanti,
M.D., in his individual and
official capacity, Aslam Kadri,
M.D., in his individual and
official capacity, S. Gupta, M.D.,
in her individual and official
capacity,

         *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Jancis Fuller, pro se, Niantic, CT.

FOR DEFENDANTS-APPELLEES:          Lynn D. Wittenbrink, Assistant
                                   Attorney General (George Jepsen,
                                   Attorney General of the State of
                                   Connecticut, *on the brief*)
                                   Hartford, CT.

Appeal from the judgment of the United States District Court for the District of Connecticut (Kravitz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jancis Fuller, pro se, appeals from the district court's judgment granting the Defendants-Appellees' motion for summary judgment, which resulted in the dismissal of Fuller's claim of deliberate indifference to her tuberculosis in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of summary judgment de novo. *See Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.; accord* Fed. R. Civ. P. 56(a). In determining whether there are genuine disputes of material fact, the court is "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in City of N.Y.*, 131 F.3d 305, 312 (2d Cir. 1997)). There is no genuine dispute for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The district court correctly concluded that the Defendants-Appellees were entitled to summary judgment on Fuller's deliberate indifference claim. We therefore affirm for substantially the same reasons set forth by the district court in its well-reasoned decision dated August 6, 2012.

Fuller argues that the statements in the report of her medical expert and in the affidavits that she proffered were sufficient to create a genuine dispute of fact concerning whether she suffered from active tuberculosis. That argument is not

2

meritorious. As the district court correctly noted, Fuller's medical expert found no evidence of active tuberculosis following his examination, which included blood and urine tests. While he did note the presence of lesions on Fuller's body, and suggested a biopsy of those lesions in order to definitively rule out cutaneous tuberculosis, he did not diagnose Fuller with that form of the disease. In the absence of such a diagnosis, the conclusion that the lesions represented cutaneous tuberculosis, rather than some other affliction, may be drawn only from the affidavits of Fuller and her acquaintances, none of whom are medical professionals. The district court correctly determined that such lay statements are insufficient to create a genuine dispute of fact as to the propriety of a medical diagnosis. *See Spiegel v. Schulmann*, 604 F.3d 72, 81 (2d Cir. 2010) (plaintiff's testimony that his medical condition prevented him from losing weight was insufficient to withstand a motion for summary judgment in the absence of "competent medical evidence confirming that connection").

Next, even assuming that Fuller could demonstrate that her latent tuberculosis constituted a serious medical need under the Eighth Amendment, the evidence she proffered was insufficient to create a genuine dispute on the issue of whether the Defendants-Appellees acted with a "sufficiently culpable state of mind." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (explaining that, to succeed on a deliberate indifference claim, a plaintiff must demonstrate both a serious medical need and that the defendants consciously disregarded a substantial risk of serious harm).

On this point, Fuller relies on the opinion of her medical expert that she did not receive the "standard of medical care" when the Defendants-Appellees, after discontinuing a treatment regimen of the medication Isoniazid ("INH") because Fuller's liver function tests returned abnormal results, failed to prescribe a different medication, Rifampin. Even taken as true, this opinion suggests only that the Defendants-Appellees were negligent, which is insufficient to make out a constitutional violation. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("negligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim").

Moreover, the Defendants-Appellees submitted evidence that they did not disregard the risk that Fuller's latent infection would develop into active tuberculosis. When they discontinued the INH regimen, they prescribed annual chest x-rays, which is also a method of detecting the disease. Fuller's disagreement with this course of action does not rise to the level of a

constitutional violation. *See Chance*, 143 F.3d at 703 ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

We have considered all of Fuller's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4